UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:08-CR-00020-BR
NO. 4:12-CV-001-BR

| TRACY MAURICE THOMAS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of a 28 U.S.C. § 2255 petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 3 November 2008, pursuant to a plea agreement, petitioner pled guilty to four counts: possession with intent to distribute a quantity of cocaine base; using and carrying a firearm during and in relation to a drug trafficking crime (two counts); and, possession with intent to distribute more than five grams of cocaine base. As part of the plea agreement, petitioner agreed "[t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed . . . and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea."

(Pl. Ag. ¶ 2(c).) On 13 July 2009, petitioner was sentenced to a total term of 437 months' imprisonment. Petitioner appealed his conviction, and the Fourth Circuit Court of Appeals affirmed. United States v. Thomas, 392 F. App'x 210 (4th Cir. 2010) (unpublished).

Because petitioner's plea agreement contains a post-conviction rights waiver, the court first examines whether that waiver is valid. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner suggests nothing irregular about his plea. At petitioner's plea hearing, the court reviewed the terms of the post-conviction rights waiver with petitioner and found that petitioner had entered into the plea agreement freely and voluntarily. (11/3/08 Tr. at 15-16, 18.) There is no ground for altering that determination, and the court will enforce petitioner's waiver of post-conviction rights contained within the plea agreement.

Having so found, the court must determine whether petitioner's claims are within the scope of the waiver. See Henderson v. United States, Nos. 5:05-CR-163-FL, 5:08-CV-319-FL, 2009 WL 1578578, at *2 (E.D.N.C. June 4, 2009). Petitioner asserts four claims. His first and third claims allege ineffective assistance of counsel. These claims are not barred by the waiver, and the court will consider their merits.

The applicable legal standard for an ineffective assistance claim is well established. Under the principles of Strickland v. Washington, 466 U.S. 668 (1984),

> a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Under the second prong of *Strickland* 's test, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." For counsel's

2

> trial performance to be deficient, he must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's representation fell below an objective standard of reasonableness." To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Under *Strickland,* a reasonable probability is a "probability sufficient to undermine confidence in the outcome." Furthermore, and of importance here, in conducting the ineffectiveness inquiry, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."

Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (citations omitted), cert. denied, 122 S. Ct. 2311 (2002). In the guilty plea context, to demonstrate prejudice, petitioner must show that but for counsel's errors, he would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner claims his trial counsel was deficient in a number of respects. (See Pet. at 4.) First, he contends that "[c]ounsel failed to properly investigate the underlying facts of the indictment and allegations." (Id.)

> [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

Hill, 474 U.S. at 59. Petitioner makes no suggestion about what counsel might have discovered had he properly investigated the case nor how that would have led petitioner to insist on going to trial, rather than pleading guilty. Thus, petitioner cannot show he has been prejudiced by trial counsel's alleged failure to properly investigate.

3

Petitioner next asserts that "[c]ounsel failed to properly advise his client of his exposure and the potential effects of entering a plea to the charges." (Pet. at 4.) Assuming without deciding that trial counsel failed to advise petitioner in these aspects, petitioner did not suffer any prejudice. At the arraignment, the court fully informed petitioner of the rights he was giving up by virtue of his plea and informed him of the maximum penalties on each count to which he pled guilty. Thus, the court cured any deficiencies on counsel's part, and petitioner was not prejudiced. See United States v. Foster, 68 F.3d 86, 87-88 (4th Cir. 1995) (holding that at Rule 11 hearing court corrected any misinformation defendant received from counsel and thus defendant was not prejudiced).

Petitioner also complains about trial counsel's adoption of a strategy to convince petitioner to plead guilty and focus on petitioner's cooperation– a strategy that petitioner claims failed due to counsel's actions. (See Pet. at 4.) Given that petitioner was facing what amounts to a life sentence had he been convicted of all counts with which he was charged, urging petitioner to plead guilty to some of those counts and cooperate with the government in hopes of receiving a decreased sentence was a reasonable strategy. Although the government did not file a substantial assistance motion, at sentencing, trial counsel explained the extent of petitioner's cooperation, (7/13/09 Tr. at 8), and the court sentenced petitioner to the statutory mandatory minimum on two counts and the bottom of the guidelines range on the other two counts. Thus, the strategy did not completely fail, and counsel was not deficient in pursuing the strategy.

Petitioner alleges trial counsel was ineffective for "fail[ing] to explore Petitioner's mental health issues." (Pet. at 4.) Petitioner does not offer an explanation of how counsel's purported failure harmed him. In fact, the Presentence Report recounted petitioner's mental health issues,

4

and therefore, the court was aware of them and took them into consideration in fashioning petitioner's sentence. Petitioner not suffer any prejudice as a result of any deficiency on counsel's part.

In addition, petitioner takes issue with the performance of his appellate counsel. He states:

> Appellate counsel failed to effectively communicate with her client. Counsel did not conduct a thorough investigation into the Petitioner's appellate claims. Counsel's level of "effectiveness" is evidenced by her last letter to the Petitioner (which is attached, marked as Exhibit "A"). Counsel aluded [sic] in her letter to the Petitioner that "[m]y guess is that the Court will find it to be a frivolous suit." Counsel goes on to state ". . . I would not withdraw because I think the filing would be frivolous, but because I do not have the expertise, and I do not think it would be successful." Counsel appears to want to "have her cake and eat it too" in this instance. Does it not have merit, or is she inexperianced [sic] to the point of not knowing whether or not it has merit?

(Id. at 7 (most alterations in original).)

Petitioner has not alleged how the result of his appeal would have changed if counsel had communicated with him more effectively or if she had conducted a more thorough investigation. Counsel is not required to raise on appeal every non-frivolous issue that a defendant requests. Jones v. Barnes, 463 U.S. 745, 754 & n.7 (1983). Petitioner cannot show he suffered any prejudice due to counsel's conduct. Insofar as petitioner contends that counsel's letter to him is evidence of her ineffectiveness, such contention is meritless. Once the Court of Appeals issued its decision adverse to petitioner, counsel was required to inform petitioner in writing of his right to petition the Supreme Court for a writ of certiorari. See Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, Part V, § 2

5

(October 1, 2008), available at http://www.ca4.uscourts.gov/. This is exactly what counsel did in her referenced letter. In explaining the option of filing such a petition, counsel states, "I do not see your case as a major case that is likely to be accepted for review. . . . My guess is that the Court will find it to be a frivolous suit." (Pet., Ex. A.) She goes on to state,

> If you wish for me to file a petition for *certiorari*, please let me know. I have no experience in that field, so I would prefer that I withdraw (since I do not practice before the U.S. Supreme Court). Then you could ask the 4th Circuit to appoint you a new attorney when you "respond" to my motion to withdraw. I would not withdraw because I think the filing would be frivolous, but because I do not have the expertise, and I do not think it would be successful.

(Id.) The court fails to see how this letter evidences appellate counsel's ineffectiveness. Petitioner is not entitled to relief on his first and third claims.

For his second claim for relief, petitioner contends that the court erred in failing to appoint new counsel for petitioner. The Fourth Circuit Court of Appeals determined that the court's rejection of counsel's third motion to withdraw was not an abuse of discretion, Thomas, 392 F. App'x at 213, and therefore, petitioner cannot raise the same issue now as a basis for habeas relief, see Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (recognizing that a petitioner cannot "recast, under the guise of collateral attack, questions fully considered by this court"). Furthermore, this claim, not being one based on ineffective assistance of counsel nor prosecutorial misconduct not known to petitioner at the time of his plea, falls within the scope of the post-conviction challenges waiver. Petitioner is not entitled to relief on this claim.

In his fourth and final claim, petitioner challenges his sentence based on the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The court assumes, without

6

deciding, that this claim is not barred by the post-conviction rights waiver and will therefore address the merits of this claim. At issue in Simmons was whether a prior North Carolina conviction was for "an offense 'punishable by imprisonment for more than one year.'" Id. at 239. The court held that an offense was punishable by a prison term exceeding one year only if the specific defendant had been eligible for such a sentence considering his criminal history and the nature of the offense. Id. at 243-44. This holding does not benefit petitioner in any way. Petitioner's sentence was not enhanced or otherwise based on his having previously been convicted of an offense punishable by a prison term exceeding one year. Rather, petitioner's criminal history category was based strictly on "prior sentences" (as that term is used in U.S.S.G. §§ 4A1.1 and 4A1.2 (2008)) which petitioner received for various North Carolina convictions. Specifically, petitioner received three criminal history points for each of his four prior sentences of two years' imprisonment. See U.S.S.G. § 4A1.1(a) (2008). Petitioner received one criminal history point for each of his two prior sentences for misdemeanor offenses. Id. §§ 4A1.1(c), 4A1.2(c). Simmons is simply not implicated under the circumstances here.

Because petitioner is not entitled to relief on any claim he asserts, the § 2255 petition is DISMISSED.

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing

Section 2255 Proceedings, a certificate of appealability is DENIED.

This 16 February 2012.

　　　　　　　　　　　　　　　　　　　／s／ W. Earl Britt
　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge